THE LIVERPOOL COTTON COMPANY, plaintiff in error, *vs.* THEODORE WISEMAN, defendant in error.

When the transcript of the record from the Court below is not sent up to this Court as required by the provisions of the Code, unless good and sufficient cause be shown for the delay, upon filing the proper certificate of the facts, the judgment of the Court below will be affirmed.

Motion to dismiss writ of error and for damages. Sumter Superior Court. April, 1867.

Wiseman procured judgment against the Liverpool Cotton Company for $4,300, at April Adjourned Term, 1867, of Sumter Superior Court. On the 4th June, 1867, the Company sued out writ of error to the Supreme Court and gave a bond superceding the judgment.

It was shown by a certificate of the Clerk of the Superior Court of Sumter county, that the attorney for the plaintiff in error, when he filed the bond, instructed the Clerk not to make out a copy of the original bill and record, saying he did not think he would carry up the case as it would likely be settled, and that if it was not settled he should have notice in time to prepare the papers for the Supreme Court.

The attorney gave the Clerk no notice till about the middle of the last morning for making up the papers. The Clerk then replied to him, that he then had not sufficient time, because it would require two days work to prepare the record. The attorney said that the case would have to go by. So the case was not sent up.

Wiseman's attorneys came with the record and said certificate and asked that the judgment below be affirmed, and for a certificate for damages, as in cases brought up for delay.

COBB & JACKSON and W. A. HAWKINS, for this motion.

No appearance, contra.

WARNER, C. J.

As there has been no transcript of the record from the

Court below sent up to this Court for the reason stated, let the judgment be entered affirming the judgment of the Court below. We are not quite sure that damages ought not to be awarded in this case for delay, but as the times are rather stringent in the way of money facilities, we will withhold the certificate for damages. This case is not, however, to be considered as a *precedent* for parties, to experiment upon the indulgence of this Court for delay, without incurring damages therefor.